IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED


BRIGHT HOUSE NETWORKS,

       Appellant,

 v.

                                    Case No.  5D15-549

AT&T CORP., AND
BREVARD COUNTY SCHOOL BOARD,

       Appellees.
_____/

Opinion filed November 18, 2016

Administrative Appeal from
the School Board of Brevard
County, Florida.

Gigi Rollini and Robert J. Telfer, III, of
Messer Caparello, P.A., Tallahassee, for
Appellant.

Harold T. Bistline, of Stromire, Bistline &
Miniclier, Rockledge, for Appellee, Brevard
County School Board.

Sylvia H. Walbolt, Martha H. Chumbler and
Steven M. Blickensderfer, of Carlton Fields
Jorden Burt, P.A., Tampa, and William K.
Mosca, Jr., of Bevan, Mosca & Guiditta,
P.C., Basking Ridge, NJ, for Appellee,
AT&T Corp.


PER CURIAM.

Bright House Networks appeals the final order entered by the Brevard County

School Board following a bid protest by AT&T Corp. as the losing proposer in a Request

for Proposal ("RFP") to provide internet services to Brevard County's schools. We reverse.

In December 2013, the School Board issued an RFP seeking proposals from vendors who could provide "Internet Provider Wide Area Network" services to its schools. The new contract would replace the School Board's existing contract (with AT&T) to provide those services. The RFP required each proposer to provide sealed bids, which would be ranked by a selection committee when opened. The RFP provided that the top proposers would then advance to oral presentations, during which the finalists were allowed to submit a "best and final offer" fee schedule (which would account for forty percent of each bidder's final score). The sealed bids were opened for a private meeting of the selection committee with the stated intent that no one with access to the opened bids would reveal information about them to other bidders until after the oral presentations. Bright House and AT&T were selected as finalists, with Bright House receiving the most favorable score from the selection committee on all but one of the selection criteria, including the lowest price (at $1,033,000). AT&T's sealed bid was ranked as a tie with Bright House on one selection criteria, and lower on all other criteria. AT&T's sealed bid contained a price offer of $1,090,000, and also included 170 "exceptions" to the RFP—some about which the selection committee expressed serious concerns. Most notably, AT&T took exception to the RFP's indemnification and warranty provisions, which the School Board's purchasing agent and evaluation committee clearly viewed as material RFP requirements.

The School Board scheduled AT&T to present first. At its oral presentation, AT&T announced a revised price of $763,000, thereby undercutting Bright House's initial price by $243,000. AT&T was also offered an opportunity to change its bid (by rescinding its

2

exceptions) in response to the selection committee's concerns, but declined to do so. Instead, AT&T's presenter vaguely stated that AT&T would "work with" the School Board if given the contract. In response to AT&T's presentation, Bright House made a last minute change in its price (to slightly below AT&Ts revised price), such that Bright House remained the highest ranking bidder in all categories except one (where there was a tie) at the conclusion of the oral presentations. The School Board noticed its intent to award the contract to Bright House, and AT&T filed a bid protest challenging Bright House's revised price. The School Board's attorney ultimately agreed with AT&T that it was unfair for Bright House to revise its price after hearing AT&T's revised price, and both argued during the two-day administrative (evidentiary) hearing that Bright House should be disqualified for doing so—which would leave AT&T as the winning bidder. Bright House intervened in the proceeding.

After the administrative hearing, an Administrative Law Judge ("ALJ") recommended that the School Board reject all proposals and rebid the project. The ALJ first found that AT&T had standing to bring the challenge (as a responsible and responsive bidder). She then found that although it was inappropriate (contrary to the notion of a fair bid process) for Bright House to change its price after AT&T revealed its "best and final" price, the flaw was in the bidding process itself, specifically that section 120.57, Florida Statutes (2015), does not permit a school board to allow bidders to change their bids after submission.

Both AT&T and Bright House filed exceptions to the ALJ's findings. Of significance to this appeal, Bright House challenged the ALJ's finding that AT&T's bid was responsive to the RFP in light of its significant "exceptions" to material requirements of the RFP. AT&T challenged the finding that Florida law did not allow the School Board to permit bid

3

modifications after it opened the proposals. The School Board ultimately agreed with AT&T and entered the order on appeal, which: (1) accepted the finding that AT&T was a responsive and responsible bidder; (2) rejected the finding that its RFP process violated Florida Law; (3) accepted the finding that Bright House's change in price (after hearing AT&T's revised price) improperly resulted in a competitive advantage to Bright House not enjoyed by AT&T; and (4) found that Bright House's revised price should not be considered, such that the contract should be awarded to AT&T.

Because the ALJ correctly concluded that the plain language of section 120.57(3)(f), Florida Statutes (2015), prohibits price revisions (or other material bid changes) after the opening of sealed bids, we conclude that the School Board erred in rejecting the ALJ's findings related to this issue.[1] Alternatively, we agree with Bright House that competent, substantial evidence did not support the ALJ's finding that AT&T's bid was materially responsive to the RFP. Accordingly, we reverse the School Board's final order and remand with instructions that the School Board enter a final order

---

[1] In light of the plain language of the statute, we find it unnecessary to address the issue of whether section 120.57(1)(l), Florida Statutes (2015), even permitted the School Board to revisit the ALJ's legal conclusion under these circumstances. *See* § 120.57(1)(l), Fla. Stat. (2015) ("The agency in its final order may reject or modify the conclusions of law over which it has substantive jurisdiction . . . ."). We also hold that Bright House's failure to initially challenge the RFP process did not preclude Bright House from defending the ALJ's findings on this issue. Section 120.57(3)(b) provides that any person adversely affected by "the terms, conditions, and specifications contained in a solicitation, including any provisions governing the methods for ranking bids, proposals, or replies, awarding contracts, reserving rights of further negotiation, or modifying or amending any contract" must file a challenge within 72 hours of "the posting of the solicitation"—and that failure to timely file a notice of protest "constitute[s] a waiver of proceedings under this chapter." This section would have precluded Bright House from filing a protest to challenge the RFP process after the contract award. However, it did not preclude Bright House from intervening in AT&T's protest proceeding to present valid arguments as to why AT&T should not be granted the relief that it sought.

consistent with this opinion, and which accepts the ALJ's recommendation that it re-bid

the contract using a new RFP consistent with Florida law. [2]

REVERSED AND REMANDED WITH INSTRUCTIONS.

LAWSON, C.J., TORPY and WALLIS, JJ., concur.

---

[2] Bright House argues that we should remand with directions that the School Board contract with it at its original bid price. Because Bright House did not timely challenge the School Board's RFP process calling for the post-opening price schedule change, and submitted its revised price in accordance with the unchallenged RFP process, we find that Bright House waived any right to argue for award of the contract at its original price. Additionally, because Bright House has made it abundantly clear that it is not seeking to reinstate the original notice of intent to award it the contract at its revised price, we have not considered that as a possible remedy—even though we agree that the evidence could not support a finding that AT&T's bid was materially responsive to the RFP.